MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Ernesto Merino, | No. CV-23-00471-TUC-RM (JR) |
| Petitioner, | |
| v. | **ORDER** |
| Federal Programs Department Agencies, et al., | |
| Respondents. | |

On October 13, 2023, pro se Petitioner Luis Ernesto Merino, who is confined in the Pima County Jail, filed a sprawling Document,[1] which the Clerk of Court docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to facilitate the Court's review of it. (Doc. 1.) Petitioner subsequently filed a "Notice of Request." (Doc. 4). The Court will dismiss the October 13 Document and this action and will deny as moot the Notice of Request, which appears to seek in forma pauperis status.

Section 2241 of Title 28 of the United States Code provides an avenue for habeas corpus relief for a pretrial detainee in custody in violation of the Constitution or laws and treaties of the United States. "As an exercise of judicial restraint, however, federal courts

---

[1] The title of the Document is: "28 USCS § 2254, Part 1 of 6 'Habeas Corpus'[;] 28 USCS § 2241, Part 1 of 2 'Power to grant w[r]it'[;] Notice of: Conspire Deprive Rights 18 USCS § 241 by Defendants knowingly and Willingly Assisting 'Psy-Op Programs on America[']s Soil'[;] Complaint and Review for Disciplinary Actions, § 100.24 'Constitutional Fact' Power to Resolve Violations; USCS Fed. Ru[]es Evid. R. 201[;] 'Judicial Notice Facts'[;] 5 USCS § 702 Administrative Procedure ACT Claim[;] Danger Doctrine." (Doc. 1.)

elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Moreover, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Absent special circumstances, such as "proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown," a federal court will not entertain a pretrial habeas corpus petition. *Carden*, 626 F.2d at 84 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id*. at 83-84 (quoting *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972)).

Petitioner has failed to show special or extraordinary circumstances indicating that he will suffer irreparable harm if this Court abstains from hearing his claims until after he has had a chance to present them to the state courts.[2] *See Younger*, 401 U.S. at 45-46; *Carden*, 626 F.2d at 83-84. This Court, therefore, will abstain from interfering in Petitioner's ongoing state-court criminal proceedings and will dismiss without prejudice the October 13 Document.[3]

---

[2] It appears Petitioner's six state court criminal cases are ongoing. *See* https://www.cosc.pima.gov/PublicDocs/ (search "Last or Bus. Name" for "Merino" and "First" for "Luis"; click on hyperlink for Case Number "CR20204542"; then click on hyperlink for August 24, 2023 Minute Entry, which lists Petitioner's pending cases) (last visited Nov. 13, 2023).

[3] Relief is unavailable pursuant to 28 U.S.C. § 2254, which requires that a person be in custody pursuant to a judgment of a state court. Section 241, 18 U.S.C., is a criminal statute that does not provide a private cause of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *see also Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (§ 241 provides no basis for civil liability). And, to the extent Petitioner intended to file a civil rights action alleging a violation of the Administrative Procedure Act, he failed to (1) either pay the $402.00 filing and administrative fees or file an application to proceed in forma pauperis and (2) comply with Local Rule of Civil Procedure 3.4, which requires

**IT IS ORDERED:**

(1) Petitioner's October 13, 2023 Document (Doc. 1) and this case are **dismissed**.

(2) Petitioner's Notice of Request (Doc. 4) is **denied as moot**.

(3) The Clerk of Court must **enter judgment accordingly and close this case**.

Dated this 17th day of November, 2023.

_____
Honorable Rosemary Márquez
United States District Judge

---

in part that "[a]ll complaints and applications to proceed in forma pauperis by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court and in accordance with the instructions provided with the forms."